# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### CHARLESTON DIVISION

**UNITED STATES OF AMERICA**

v.                                                                                Criminal No. 2:19-cr-00148

**JOSEPH R. ZIEGLER**

## DEFENDANT'S MOTION
## FOR RECONSIDERATION FOR RELEASE ON BOND

Defendant, Joseph R. Ziegler, by his counsel, moves this Court to reconsider its June 19, 2019, decision to grant the Government's Motion for Detention and to reconvene the detention hearing to allow for the release the defendant on bond. In support of this Motion, the defendant states as follows:

(1) On June 12, 2019, a federal grand jury returned an Indictment against the defendant which charged him with two counts of impersonating an Assistant U.S. Attorney in violation of 18 U.S.C. § 912. Dkt. No. 1. On June 14, 2019, the Government filed a Motion for Detention which alleged that the defendant was a serious risk of flight. Dkt. No. 6.

(2) On June 13, 2019, the defendant was arrested pursuant to a bench warrant. On June 14, 2019, the defendant made his initial appearance before this Court. Dkt. No. 12. At that time, the defendant was detained pending further consideration of the Government's Motion at the time of the defendant's arraignment.

(3) The defendant's next appearance before this Court was at his June 19, 2019, Arraignment. Dkt. No. 15. Following the arraignment, a detention hearing was held where the Government and the defendant each presented one witness in support of their respective positions. Ms. Delva Newhouse indicated that she would be willing to allow the defendant to stay at her residence in Clay, West Virginia, while the defendant awaited his trial date. Ms. Newhouse further indicated that she would be willing to serve as a third-party custodian for purposes of bond.

(4) This Court considered the testimony of the two witnesses as well as the arguments of counsel and granted the Government's Motion for Detention. Dkt. No. 18. The Court indicated that additional information was needed in order to determine whether Ms. Newhouse's residence was a suitable location for bond. The Probation Office was directed to conduct a home assessment of Ms. Newhouse's residence and submit a report to the Court. The Court noted that the defendant could move for reconsideration of the detention order following the results of the home assessment.

(5) It is counsel's understanding that the home assessment of Ms. Newhouse's residence was conducted on June 24, 2019 and that a report was submitted to the Court on or about June 26, 2019. Upon counsel's review of the report, there were no problems found during the home assessment that would make the property unsuitable as a residence for the defendant while he is awaiting trial.

(6) In light of the Probation Office's home assessment, the defendant would request that this Court reconvene the detention hearing to allow the defendant to renew his request for release on bond under the standard terms and conditions for

this district.  Should the Court wish to hear further testimony from Ms. Newhouse or any of her family members on the matter of third-party custody for the bond, counsel will advise them of the date and time of the hearing and request their presence.

Respectfully submitted this 2nd day of July, 2019.

**JOSEPH R. ZIEGLER**

By Counsel

**BRIAN J. KORNBRATH**
**ACTING FEDERAL PUBLIC DEFENDER**

<u>**s/David R. Bungard**</u>
David R. Bungard, Bar Number: 5739
Assistant Federal Public Defender
Office of the Federal Public Defender
300 Virginia Street, East, Room 3400
Charleston, WV 25301
Telephone: (304) 347-3350
Facsimile: (304) 347-3356
E-mail: david_bungard@fd.org