IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

UNITED STATES OF AMERICA

v.                                  CRIMINAL NO. 2:19-00148

JOSEPH R. ZIEGLER

**MEMORANDUM OPINION AND ORDER**

Pending before the court is defendant's "Motion for Jury Trial - Cross Section". ECF No. 48. In that motion, Ziegler:

1) demands an "impartial fair jury trial of his peers";

2) "demands a jury of his peers from a proper cross section of society by the citizens and votes of West Virginia";

3) "demands that both he and the prosecutor be allowed to personally question the jury (voir dire) <u>on the record</u> after this federal judge asks standard jury questions, and not off the record at side bar"; and

4) asks that the "prosecution/defense be provided with copy [sic] of jury questionaire [sic] by right".

Defendant's motion is **GRANTED** in part as explained herein and at the hearing on August 13, 2019. It is **DENIED** in all other respects.

As the court indicated at the hearing on August 13, 2019, defendant's case will be tried to a jury. Furthermore, the jury will be selected in accordance with the court's "Plan Prescribing

Method for the Composition of Jury Wheels and the Qualification and Random Selection of Grand and Petit Jurors" which was adopted by this court on November 21, 2016, and approved by the United States Court of Appeals for the Fourth Circuit on December 1, 2016. A copy of that Plan is available on the court's website. That plan provides that "[i]t is the policy of this Court that all litigants entitled to trial by jury shall have the right to grand and petit juries selected at random from a cross section of the counties comprising the divisions wherein the Court is convened. . . ."[1] Defendant does not assert a violation of the Sixth Amendment's fair cross section guarantee has occurred in this case. Should he do so, the court will consider any challenge as it arises.

As for defendant's demands regarding voir dire, "federal judges [are] accorded ample discretion in determining how best to conduct the voir dire." United States v. Caro, 597 F.3d 608, (4th Cir. 2010) (quoting Rosales-Lopez v. United States, 451 U.S. 182, 189 (1981)). According to Federal Rule of Criminal Procedure 24(a), "[t]he court may examine prospective jurors or may permit the attorneys for the parties to do so." "If the court examines the jurors, it must permit the attorneys for the

---

[1] "The Sixth Amendment secures to criminal defendants the right to be tried by an impartial jury drawn from sources reflecting a fair cross section of the community." Berghuis v. Smith, 559 U.S. 314, 319 (2010) (citing Taylor v. Louisiana, 419 U.S. 522 (1975)).

2

parties to: (A) ask further questions that the court considers proper; or (B) submit further questions that the court may ask if it considers them proper." Id.  In this case, the court will allow the parties to submit further questions that it will ask if it considers them proper.  In addition, defendant's concerns regarding the use of sidebars for followup questioning are unfounded as sidebars are on the record.

Regarding defendant's request for juror questionnaires, pursuant to Local Rule of Criminal Procedure 24.1(c), "[u]nrepresented parties may use juror questionnaires only under supervision of the Court, and may not reproduce the juror questionnaires in any form, or distribute them to anyone." Therefore, standby counsel, Mr. Bungard, will be required to maintain custody of the juror questionnaires and defendant may review them in Mr. Bungard's presence.

Opening statements are limited to **twenty (20)** minutes per side.  The parties are reminded that any opening statements must comply with Local Rule of Criminal Procedure 23.1.

Should defendant choose to exercise his right to testify at trial, he must do so in a "question-answer format" and not in narrative form.  See United States v. Beckton, 740 F.3d 303, 306 (4th Cir. 2014) (explaining that question and answer format is reasonable because it allows opposing counsel to lodge objections to question prior to witness's answer).

The Clerk is directed to send a copy of this Memorandum Opinion and Order to counsel of record, to the United States Marshal for the Southern District of West Virginia, and to the Probation Office of this court. Standby counsel is to see that Mr. Ziegler receives a copy of this Memorandum Opinion and Order.

IT IS SO ORDERED this 16th day of August, 2019.

ENTER:

David A. Faber
Senior United States District Judge