DEFENDANT'S EXHIBIT
CASE NO. 2:19-148
EXHIBIT NO. 11

2SUPP000036

IN THE MAGISTRATE COURT OF CLAY COUNTY, WEST VIRGINIA

RECEIVED
2019 MAY 10 P 1:02
MAGISTRATE COURT
CLAY COUNTY, WV

STATE OF WEST VIRGINIA,

    Plaintiff,

-VS-

JOSEPH ZIEGLER,

    Defendant,

Case No: 19-M08M-00187

Honorable: JEFF RIDER

DEFENDANT'S PRO SE
*NOTICE*
MOTION DEMANDING POSSESSION OF PROPERTY AND/OR WRIT OF REPLEVIN

NOW COMES, JOSEPH R. ZIEGLER, Defendant presently filing in Pro Se at present, Who hereby moves this Honorable Magistrate Court For Clay County, pursuant to Rules of Civil Procedure For Magistrate Court Rules 7, 8, 9, 11 and 12 et seq, by timely filing the herein Defendant's Pro Se Notice-Motion For Possession of Property and/or Writ of Replevin, based upon any/all of the following:

(1) On APRIL 4,2019, This Defendant was involved in a alleged Traffic Stop with Clay County Sheriff Deputy in a fully marked Clay Co Sheriff Police Vehicle unlawfully coming onto private property without invitation after seeing a disabled car with Michigan License Plates with Two Flat Tires, for which, I/Defendant was falsely charged for the Traffic Offenses: "Reckless Driving; No Insurance(Non-Resident); No Registration; No Operators; and DUI". This Defendant has plead NOT GUILTY demanded a Fair Jury Trial of his Peers from a Cross-Section of Society of Voters from Clay County West Virginia, and has filed Pretrial Motions for a Speedy Trial and/or for the dismissal of all charges with prejudice.

(2) On APRIL 4,2019, This Defendant states as his claim upon which relief must be granted is based upon the fact. That the Clay County Sheriff Department unlawfully dispatched King's Towing to have this Defendant's lawfully owned/inherited Property(ie, 2018 Ford Escape) to be unlawfully towed from private property without this owners permission from private property; Without this Defendant being allowed to make other arrangements by Right; and without the Clay Co Sheriff Dept Deputies conducting a mandatory/required Inventory Search according to their Official Capacities, and Governmental Function for any/all personal property contained inside this Defendant's Property(ie, 2018 Ford Escape) in blatant violation of the clearly established State/Federal cases entitled STATE V

1

2SUPP000037

GOFF, 272 SE 457(1980); STATE V PERRY, 324 SE 354, W. VA. Supreme Court of Appeals(1984); SOUTH DAKOTA, OPPERMAN, 428 US 364; 96 Sct 3092; 49 LEd2d 1000(1976).

(3) On APRIL 5,2019, This Defendant claims that he and friend from Clay County called King's Towing, and was falsely told/advised by FRAN KING(ie, Owner of King's Towing) that this Defendant would need to get a release form from the Clay Co Sheriff Dept, in order, to unlawfully restrain/conceal/possess this Defendant's Property(ie, 2018 Ford Escape) unnecessarily over the weekend to unlawfully charge even more unreasonable storage costs/fees in blatant violation of clearly established West Virginia and Federal Law.

(4) On APRIL 8,2019, This Defendant claims that he and friend from Clay County personally went to King's Towing with signed Court-Ordered "Letter of Authority" from Michigan and Credit Card, in order, to have this Defendant's Property(ie, Disabled 2018 Ford Escape with two flat tires that was unlawfully towed from private property without permission of owner). This Defendant claims that the arresting Officer- Clay Co Sheriff Deputy Morris was waiting at King's Towing for this Defendant and physically threatened this Defendant. That if Defendant talks about or files anything in Federal Court that this Defendant would be arrested. This Defendant's Friend used a credit card and was charged to release this Defendant's Property, but then FRAN KING arbitrarily and capriciously refused to release Defendant's Property after paying for said Defendant's Property to be released and towed away by another private towing company that is not engaged in extortion/corrupt with the Clay Co Sheriff Department. See Exhibit A.

(5) On MAY 1,2019, This Defendant claims that he and friend from Clay County that used credit card and was charged to release this Defendant's Personal Property(ie, 2018 Ford Escape) personally went to King's Towing with printed out West Virginia Code Chapter 24A-2A-3 that states that this Defendant has a unambiguous Right to remove personal property contained with this Defendant Property(eg, weapons, prescription drugs, cash locked inside briefcase, and ashes for burial). But FRAN KING unlawfully, unreasonably, arbitrarily and capriciously refused to release Defendant's Property and said: "She does not give a fuck what the law says" and that this Defendant will not get anything out of Defendant's Property unless this Defendant once again pays for towing/storage that was already paid in full, and threatened to call the police if this Defendant did not leave FRAN KING's Property. It time for FRAN KING to loose her towing license and being criminally charged with police.

CLAY COUNTY, WV
2019 MAY 10
RECEIVED

2

Ziegler_000089

2SUPP000038

(6) This Defendant claims that Defendant's Personal Property(ie, 2018 Ford Escape) is his lawfully owned/inherited Private Personal Property, and that his said Private Personal Property is currently being held/restrained unlawfully without Equal Protection Due Process of Law by Officers/Deputies/Prosecutors/Carrier because this Defendant is from out-of-state in violation of the 1st, 4th, and 14th Amendments of the U.S. Constitution.

(7) This Defendant now demands a Equal Protection Due Process Hearing be conducted immediately by this Honorable Magistrate Court Judge for Federal Court Review to determine whether this Defendant should have his Property obtained by State Probate Court Order(ie, 2018 Ford Escape) be immediately released by Court-Order without paying costs/fees for towing/storage charges from King's Towing, Fran King, or kickback to Clay Co Sheriff Dept.

(8) This Defendant claims the personal property described will be damaged, destroyed, concealed, disposed of, or used so as to substantially impair its value, before final judgment unless the property is taken into custody by court order, and released to it's herein Defendant- the lawful owner.

(9) This Defendant has filed a Federal Notice For Removed entitled STATE OF WEST VIRGINIA V JOSEPH ZIEGLER, Case No: 2:19-0325 for this case to removed to Federal Court for the Clay County Magistrate Court being unable to enforce clearly established Federal Law, and for Federal Civil Rights violations committed by the Plaintiffs- Clay Co Sheriff Depart Deputies and Clay Co Public Officials, pursuant to Federal Court Rule of Civil Procedure 81 et seq; 28 U.S.C. §241 through 28 U.S.C. §243 et seq; 28 U.S.C. §1441 through 28 U.S.C. §1452 et seq; and 28 U.S.C. §1331 and 1332 et seq, as determined by the U.S. Supreme Court. See New York v. Galamison, 342 F.2d 255, 269-271 (C.A.2d Cir.); Gibson v. Mississippi, 162 U.S. 565, 585-586 (1896); Kentucky v. Powers, 201 U.S. 1, 39-40(1906); City of Greenwood v. Peacock- 384 U.S. 808, 825 (1966).

(10) Further, This Defendant has filed a Federal Class Action Lawsuit entitled JOSEPH ZIEGLER V CLAY CO SHERIFF et al, Case No: 2:19-11105-LJM-RSW against Clay Co Sheriff Dept Sheriff/Officers; Clay County Public Officials; and Police Agent- King's Towing Owner Fran King for violating and/or conspiring to violate this Defendant's clearly established Federal Civil and Constitutional Rights, protected under the 1st, 4th, 5th, 6th, and 14th Amendments of the U.S. Constitution; 42 U.S.C. 1983 through 42 USC 1986; Federal Civil RICO, 18 USC 1961-1968 et seq; and the Federal Anti-Kickback Act, 41 USC 51 et seq as determined by the U.S. Supreme Court. This Defendant has also demanded a Federal Injunction to be

RECEIVED

3

Ziegler_000090

2SUPP000039

protected according to Federal Law from any/all imminent Retaliatory Actions by any Law Enforcement in Clay Co, and is currently working with Federal Officials in processing Criminal Indictments against Clay Co Sheriff Dept Deputies, Fran King, and Clay Co Officials for being engaged in widespread criminal activity in Clay County, West Virginia.

(11) In conclusion, This Defendant's pro se pleadings cannot be held same standards as those drafted by attorney as held/ruled by the United States Supreme Court in ERICKSON V PARDUS, 551 US 89, 94(2007); Hughes v. Rowe, 449 U.S. 5, 9-10, 101 S.Ct. 173, 175-76, 66 L.Ed.2d 163 (1980); Boag v. MacDougall, 454 U.S. 364, 365 (1982); Haines V Kerner, 404 US 519, 521(1972); and accept must accept Pro Se Litigants allegations as true, unless they are clearly irrational or wholly incredible. Denton v. Hernandez, 504 U.S. 25, 33 (1992). Further, This Pro Se Defendant believes that this Honorable Magistrate Court has a responsibility, and legal duty to protect any and all of the accused constitutional and statutory rights. See United States v. Lee, 106 US 196, 220(1882).

WHEREFORE, This Defendant demands that this Honorable Magistrate Court For Clay County honors/grants this Defendant's Pro Se Notice- Motion Demanding Possession Of Property, and/or Writ of Replevin. By issuing an ORDER Granting Defendant's Pro Se Notice- Motion Demanding Possession of Property, and/or Writ of Replevin by Court-Order for the immediate release of Defendant's Property(ie, 2018 Ford Escape) without paying costs/fees for towing/storage charges to King's Towing, Fran King, or pay a kickback to the Clay Co Sheriff Dept; or proffer this Honorable Magistrate Court Judge's denial as a clearly established violation of State/Federal Law for State/Federal Appellate Court Review, as all circumstances should dictate and Justice would so demand.

Date: 5/7/19

CX: Plaintiff/Prosecutor
File

Respectfully Submitted,

DEFENDANT IN PRO PER
JOSEPH ZIEGLER
120 COURT ST
CHARDON, OHIO 44024

MAGISTRATE COURT
CLAY COUNTY, WV

2019 MAY 10 P 1:02

RECEIVED

4

Ziegler_000091