E-FILED | 5/14/2019 10:28 AM
CC-08-2019-C-14
Clay County Circuit Clerk
Michael Asbury

IN THE CIRCUIT COURT FOR THE COUNTY OF CLAY, WEST VIRGINIA
FOURTEENTH JUDICIAL CIRCUIT

STATE OF WEST VIRGINIA
COUNTY OF CLAY, SS
I, MICHAEL W. ASBURY, Clerk of the Circuit Court of said County and in said State, do hereby certify that the foregoing is a true copy from the records of said court.
Given under my hand and the seal of said Court this AUG 14 2019

Michael W. Asbury
Clerk
Clay Circuit Court
Clay County West Virginia

JOSEPH ZIEGLER,

        Plaintiff,

-VS-                                    Case No:_____

                                       Honorable:_____

CLAY CO SHERIFF DEPARTMENT, et al

        Defendants,
_____/

## COMPLAINT FOR CIVIL ACTION

NOW COMES, JOSEPH ZIEGLER, Plaintiff presently filing in Pro Per, and Forma Pauperis, Who hereby moves this Honorable Circuit Court For The County Of Clay, West Virginia, pursuant to West Virginia Code/Statute- §29B-1-1 through 29B-1-7 et seq for the immediate release/disclosure of existing non-exempt Public Records that the Defendant Clay Co Sheriff Department retains/possesses and has a legal duty to disclose, by filing this herein Plaintiff's Complaint For Civil Action against the Defendants, based upon any/all of the following:

### JURISDICTION OF CIRCUIT COURT

(1) This Honorable Clay Co Circuit Court has exclusive subject matter jurisdiction to decide at the earliest practical date after hearing/trial all claims by any Person/Plaintiff over improperly withheld by the Defendant Public Records by a Public Body or Custodian of Public Records that has a legal duty to disclose to said Person By Right, pursuant West Virginia Code 29B-1-5 et seq.

### PARTIES PRESENTED

(2) That Plaintiff JOSEPH ZIEGLER, A Person that is Disabled, and filing in Forma Pauperis, that resides at 120 Court St, Chardon, Ohio 44024, Who possesses the capacity to sue the Defendants for

1



DEFENDANT'S
EXHIBIT
13
2-19-148

violating and/or conspiring to violate their legal duty to disclose requested non-exempt Public Records that this Plaintiff is unambiguously entitled to by Right under the West Virginia Freedom of Information Act(FOIA), pursuant to West Virginia Code §29-B-1-1(3) et seq.

(3) That the Defendant(s) CLAY CO SHERIFF DEPARTMENT, and/or Public Records Custodian, at 225 Main Street, Clay, WV 25043. Who possesses or the capacity to be sued for violating and/or conspiring to violate their legal duty to disclose requested non-exempt Public Records that this Plaintiff is unambiguously entitled to by Right under the West Virginia Freedom of Information Act(FOIA) pursuant to West Virginia Code §29-B-1-2(1)-(2).

### STATEMENT OF FACTS, CLAIMS PRESENTED AND DEMAND FOR HEARING/TRIAL FOR RELIEF DEMANDED

(4) On <u>APRIL 9,2019</u>, This Plaintiff sent the Defendant(s) a formal written and articulate FOIA Request by Certified Mail to the Defendants demanding a unedited copy of any/all audio and video dashcam, including interior cam from any/all of the Defendant(s) DeClay Co Sheriff Patrol Car(s) concerning a alleged Traffic Stop and Towing of this Plaintiff's Motor Vehicle from Private Property around 1230 hours until 1345 hours for the date of APRIL 4,2019 by Clay Co Sheriff Department Deputy M.P Morris, and Deputy Thomas on this Plaintiff in Clay County, West Virginia.

(5) On <u>APRIL 9,2019</u>, This Plaintiff sent the Defendant(s) a formal written and articulate FOIA Request by Certified Mail to the Defendants demanding a unedited copy of any/all audio and video recording of the Clay Co Sheriff Dept Booking/Holding Area around 1331 hours until 1530 hours for the date of APRIL 4,2019 on this Plaintiff inside the Clay Co Sheriff Dept.

(6) On <u>APRIL 9,2019</u>, This Plaintiff sent the Defendant(s) a formal written and articulate FOIA Request by Certified Mail to the Defendants demanding a unedited copy of the Police Report and Search Warrant with Sworn Affidavit to secure a DUI Blood Test by Clay Co Sheriff Department Deputy

2

M.P Morris, Deputy Thomas, and Deputy CC Grose concerning a Traffic Stop around 1230 hours until 1345 hours for the date of APRIL 4,2019 on this Plaintiff in Clay County, West Virginia.

(7) On APRIL 9,2019, This Plaintiff sent the Defendant(s) a formal written and articulate FOIA Request by Certified Mail to the Defendants demanding a unedited copy of the entire Clay Co Sheriff Dept FOIA Policy/Procedure, and the Clay Co Sheriff Dept Policies/Procedures for Deputies to follow regrading conduct inventory search of vehicles before towing and policy/procedure regrading how Clay Co Sheriff Dept Deputies are to obtain search warrants to timely secure DUI Blood Test Evidence according to clearly established Federal Law and West Virginia Code(s)as determined by the U.S. Supreme Court.

(8) On APRIL 9,2019, This Plaintiff sent the Defendant(s) a formal written and articulate FOIA Request by Certified Mail to the Defendants demanding the name(s) of the Clay Co Sheriff Dept Deputy and Supervisor in charge of Public Records at the Clay Co Sheriff Dept for imminent Civil Litigation that will be filed concerning the systematic arbitrarily and/or capriciously denials to the Public to obtain non-exempt Public Records and transparency of the actions of the Defendant Clay Co Sheriff Department.

(9) On APRIL 10,2019, The Defendants actually/literally signed for this Plaintiff FOIA Request sent to the Defendants Certified Mail. This Plaintiff states as his claim upon which relief must be granted by Right. Because said demanded Public Records are NOT exempt, and must be released by court-ordered disclosure based upon being arbitrarily and capriciously denied by the Defendant(s) Clay Co Sheriff Department. FOIA Coordinator(or Information Officer) failure to respond/disclose said Public Records to this Plaintiff, and failure/violating mandatory report of disclosure/compliance with the West Virginia Secretary of State, pursuant to West Virginia Code §29-B-1-3, §29-B-1-3A, and §29-B-1-6.

WHEREFORE, Plaintiff demands that this Honorable Circuit Court Judge For The County Of Clay, West Virginia, honors/grants this Plaintiff's Complaint For Civil Action for the Defendants(Public Body) blatantly violating the clearly established West Virginia Freedom of Information Act Request(FOIA). By issuing an ORDER for the Defendants to promptly search, collect and provide this Plaintiff and this Honorable Circuit Court Judge for In Camera Review with said Requested Public Records/Information under the West Virginia Code over being denied said demanded public records this Plaintiff is entitled to by Right for Court-Ordered disclosure, monetary award to $200-$1,000, charging Defendants with a sentence to 20-days for committing a misdemeanor for violating the herein West Virginia FOIA Codes, including attorney fees, pursuant to West Virginia Code §29-B-1-5 through §29-B-1-7 et seq, as all circumstances should dictate and Justice would so demand.

Date: 5/14/19

XC: File

Respectfully Submitted,

PLAINTIFF IN PRO PER
JOSEPH R. ZIEGLER
120 COURT ST.
CHARDON, OHIO 44024



# SUMMONS

### IN THE CIRCUIT COURT OF CLAY COUNTY, WEST VIRGINIA

JOSEPH ZIEGLER,

        Plaintiff,                                           Civil Action No:_____

-VS-                                                              Honorable:_____

CLAY COUNTY SHERIFF DEPT et al,

        Defendant(s),

_____/

To the above captioned Defendant(s):

    You are hereby summoned, commanded, and required to serve upon <u>JOSEPH ZIEGLER, Plaintiff whose address is 120 COURT ST, CHARDON, OHIO 44024</u>, an Answer/Response, including any related counter-claim or defense you may have, to the attached Complaint For Civil Action filed against you in the above styled Civil Action, a true copy of which is herewith served/delivered to you. You are required to serve a Answer/Response within 30 Days after service of Summons upon you, excluding the day of service.

    If you fail to do so, thereafter Default Judgment, upon proper hearing and trial, may be taken against you for the relief demanded in the herein attached Complaint For Civil Action, and you will be barred from asserting in another action any claims, cross-complaint or defense you may have, which must be asserted in the above style Civil Action.

Date:_____                                                                    _____
                                                                                                             CLERK OF THE COURT