IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                        AT CHARLESTON

**UNITED STATES OF AMERICA**

**v.**                                CRIMINAL NO. 2:19-00148

**JOSEPH R. ZIEGLER**


                    <u>**MEMORANDUM OPINION AND ORDER**</u>

Pending before the court is "Defendant's Pro Se Motion to Show Cause Within 10-Days Legal Notice of Intent for Interlocutory Appeal." (ECF No. 93). The government has responded to the motion. (ECF No. 95). The thrust of defendant's filing is that he should be able to file an immediate interlocutory appeal.

Of interlocutory appeals in criminal cases, the Court has stated:

> [I]t is well settled that there is no constitutional right to an appeal. <u>McKane v. Durston</u>, 153 S. Ct. 913, 14 S. Ct. 913, 38 L. Ed. 87 (1894). Indeed, for a century after this Court was established, no appeal as of right existed in criminal cases, and, as a result, appellate review of criminal convictions was rarely allowed. . . . The right of appeal as we presently know it in criminal cases, is purely a creature of statute; in order to exercise that statutory right of appeal one must come within the terms of the applicable statute. . . .
>
>     Second, since appeals of right have been authorized by Congress in criminal cases, as in civil cases, there has been a firm congressional policy against interlocutory or "piecemeal" appeals and courts have consistently given effect to that policy. Finality of judgment has been required as a predicate for federal appellate jurisdiction. . . . This principle is currently embodied in 28 U.S.C. § 1291

> which grants the federal courts of appeals jurisdiction to review "all final decisions of the district courts," both civil and criminal. Adherence to this rule of finality has been particularly stringent in criminal prosecutions because "the delays and disruptions attendant upon intermediate appeal," which the rule is designed to avoid, "are especially inimical to the effective and fair administration of the criminal law."

Abney v. United States, 431 U.S. 651, 656 (1977) (quoting DiBella v. United States, 369 U.S. 121, 126 (1962).

Judgment is not final in this case until defendant has been sentenced and defendant has not shown any entitlement to take an interlocutory appeal. Nor has he demonstrated that the collateral order doctrine, an exception to the final judgment rule, applies. See United States v. Jameel, 999 F. Supp.2d 848, 850 (E.D. Va. 2014) (noting that the collateral order doctrine is applied with the "utmost strictness" in criminal cases). As one court explained under similar circumstances, "a judgment is not final in a criminal case until a conviction has occurred and a sentence has been imposed and defendant has presented no basis upon which an interlocutory appeal would appropriately be pursued in this case. Therefore, an interlocutory appeal at this stage would be frivolous and can not serve to divest this court of jurisdiction to sentence defendant and impose judgment from which he could then properly appeal." United States v. Braswell, No. 1:18-cr-00034-DAD-BAM, 2019 WL 5664805, *1 (E.D. Cal. Apr. 25, 2019) (denying criminal defendant's motion for a stay of his sentencing pending interlocutory appeal); see also United States

2

v. Reyes, No. CR 06-5005 FDB, 2008 WL 312774, *1 (W.D. Wash. Feb. 1, 2008) (same).

For the foregoing reasons, defendant's motion to show cause is **DENIED**. Likewise, his "Pro Se Motion for Reconsideration PR Appeal Bond for Interlocutory Appeal" (ECF No. 97) is **DENIED**.

The Clerk is directed to send a copy of this Memorandum Opinion and Order to counsel of record, to the United States Marshal for the Southern District of West Virginia, and to the Probation Office of this court.

IT IS SO ORDERED this 13th day of November, 2019.

ENTER:

David A. Faber
Senior United States District Judge